922 F.2d 842
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert NEWSTAT, Defendant-Appellant.
 No. 90-3362.
 United States Court of Appeals, Sixth Circuit.
 Jan. 3, 1991.
 
 Before KRUPANSKY, RALPH B. GUY, Jr. and SUHRHEINRICH, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendant-appellant, Robert Newstat (Newstat), appeals his conviction by jury on all counts of a sixteen-count indictment charging conspiracy and substantive acts of wire and bankruptcy fraud. On April 11, 1990 the district court sentenced Newstat to serve a total of twenty years in prison, imposing four consecutive five year terms on counts 1 through 4 of the indictment, and concurrent five year terms on the remaining counts. In addition to the period of incarceration, the district court levied a $1,000,000 fine and ordered the payment of restitution.
 
 
 2
 The criminal conduct charged in the indictment stemmed from Newstat's alleged attempts during 1985 and 1986 to divert funds from the corporate treasury of Enduro, Inc., to his personal use. The indictment charged that Newstat, in conjunction with his co-conspirator Lawrence Greenberg (Greenberg), schemed to defraud Enduro and its creditors subsequent to the conspirators' acquisition of the company from LTV Steel in 1984 and prior to the filing of Enduro's chapter 11 bankruptcy petition in early 1986. According to the government, Newstat and Greenberg siphoned over $1.5 million from Enduro by way of a series of deceptive wire transactions through bank accounts in Philadelphia, Pennsylvania, and by means of the purchase of shares in a sham corporation that ostensibly had been organized as a supplier for raw materials used at Enduro's stainless steel manufacturing plant in Massillon, Ohio. Over $1 million of the diverted funds were transferred to Newstat, and the balance to Greenberg.[1] None of these transactions were disclosed or reflected in the schedules of assets and liabilities filed by Enduro subsequent to the commencement of its bankruptcy case.
 
 
 3
 Newstat asserted several assignments of error on appeal, including a challenge to the sufficiency of the evidence used to convict him. "In a criminal case the standard of review for claims of insufficient evidence is 'whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of facts could have found the essential elements of the crime beyond a reasonable doubt.' " United States v. Ellzey, 874 F.2d 324, 328 (6th Cir.1989) (quoting Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789 (1979) (emphasis original)). Upon consideration of the arguments of counsel and of the record developed at trial, this court is of the opinion that the prosecution's case against Newstat met this standard for sufficiency.
 
 
 4
 Newstat also assigned error to the district court's denial of his post-trial motion for a new trial based on what he claimed was "newly discovered evidence" that a government witness's testimony--which tended to impeach the credibility of a material, exculpatory aspect of Newstat's defense--was perjurious. Newstat testified at trial that a significant portion of the allegedly defalcated funds (about $300,000) was contained in a briefcase stolen from him while he visited a casino in Atlantic City, New Jersey. The government witness, a New Jersey state trooper, testified that, in accordance with established casino policy, it would have been impossible for Newstat to carry a briefcase into the casino without first having it searched for weapons. In connection with his post-trial motion for relief, Newstat submitted the affidavits of several individuals in an attempt to prove that no such casino policy existed, and that, therefore, the government witness had committed perjury.
 
 
 5
 "Motions for a new trial based on newly discovered evidence are disfavored, and a trial court's determination that a new trial is not warranted will not be reversed absent 'clear abuse of discretion.' " United States v. O'Dell, 805 F.2d 637, 640 (6th Cir.1986), cert. denied, 108 S.Ct. 170 (1987) (quoting United States v. Allen, 748 F.2d 334, 337 (6th Cir.1984) (per curiam)). In cases where the "newly discovered evidence" is evidence that "the Government's case included false testimony and the prosecution knew or should have known of the falsehood" a new trial must be granted only if ' "there was any reasonable likelihood that the false testimony would have affected the judgment of the jury.' " United States v. Stoddard, 875 F.2d 1233, 1237 (6th Cir.1989) (quoting United States v. Antone, 603 F.2d 566, 569 (5th Cir.1979)).
 
 
 6
 In the case at bar, the district court denied Newstat's motion, finding that, even if the witness had, in fact, given false testimony, it had no impact on the jury's verdict because Newstat's version of events was inherently incredible, and would have been thoroughly impeached even in the absence of the trooper's controversial testimony.[2] This court finds that the district court's view of the evidence is supported by the record, and that its denial of Newstat's motion for a new trial was not an abuse of discretion.
 
 
 7
 The court finds Newstat's remaining assignment of error to likewise be without merit. Accordingly, the judgment of the district court is hereby affirmed.
 
 
 
 [1]
 Greenberg pleaded guilty to the charges against him prior to trial, but was held jointly liable with Newstat for payment of the restitution ordered as part of Newstat's sentence
 
 
 [2]
 Especially damaging was the fact that, immediately after the alleged theft, Newstat reported the loss of $125,000, whereas his position at trial was that over $300,000 had been contained in the briefcase